IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVE NIDES,

Defendant.                                              No. 07-30136-DRH

ORDER

HERNDON, Chief Judge:

      Now before the Court is a motion for Request for Free Transcripts (Doc. 453) filed by Defendant Steve Nides. Defendant's motion also attaches an application to proceed *in forma pauperis*. Based on the following, the Court **DENIES** Defendant's request.

      Defendant Nides contends that he needs his change of plea and sentencing hearing transcripts in order to prepare his **28 U.S.C. § 2255** petition. These transcripts do not exist. The transcripts for his sentencing and plea hearings have not been prepared.

      When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the Government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a *pending* and non-frivolous actions. **See 28 U.S.C. § 753(f) (emphasis added).**

These requirements do not violate the Constitution.  **See United States v. McCollum, 426 U.S. 317 (1976)(court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).**

Further, section 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that documents requested are necessary for the preparation of some specific non-frivolous court action.  **See United States v. Wilkinson, 618 F.2d 1215, 1218-19 (7th Cir. 1980); Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977).**

Here, Nides' motion clearly is insufficient.  The transcripts are not part of the Court's file.  Thus, the Court cannot provide them under **§ 753(b)**.  In any event, Nides fails to demonstrate that he needs the transcripts for a non-frivolous action.  He merely states that he is in need of the transcripts "to prepare his motion under 28 U.S.C. §2255." Nor does he specify the claims he intends to raise in his § 2255 motion.  Moreover, Nides must first file the § 2255 action in order to obtain preparation of transcripts under § 753(f).  **United States v. Horvath, 157 F.3d 131, 132-33 (2nd Cir. 1998) (collecting cases)**.  Because Nides has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f).  The Court is unable to determine that Nides' expected § 2255 action has any possible merit.

Accordingly, the Court **DENIES** Nides' request for free transcripts (Doc.

453).  Further, the Court **DENIES** as moot Nides' application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Signed this 11th day of February, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**